IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mikle Anthony Butler, | ) | C/A No. 2:14-4207-MGL-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| JRL Staff; Ofc. Stronzic, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Mikle Anthony Butler, a self-represented pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2) (D.S.C.). Plaintiff is a detainee at the J. Reuben Long Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.      Factual and Procedural Background**

Plaintiff asserts that a "keep separate" order was issued in July of 2014 to keep Plaintiff and another inmate from having physical contact. (ECF No. 1 at 3.) However, Plaintiff alleges that he remains housed in the same unit as this inmate. (Id.) Plaintiff states that he and the other inmate were initially assigned to separate floors of the unit, but moved to the same floor in October of 2014 where they are housed one door away from one another. (Id. at 4.) Plaintiff states that he and the other inmate have separate recreation periods; however, they have allegedly come "face to face" on one occasion when being moved to and from the recreation area. (Id. at 3-4.) Plaintiff alleges that he and the inmate often argue and that verbal threats have been made. (Id.)

Plaintiff also complains that he was falsely accused by a female officer of "openly masturbating" when Plaintiff complained about that officer's failure to diffuse an argument. (Id. at 4.) Plaintiff asserts that this disciplinary infraction, which resulted in a twenty-day period in "lock up," constitutes sexual harassment by the unidentified officer. (Id. at 4-5.) Plaintiff further complains about alleged unsanitary conditions during his period of segregated confinement. (Id. at 5.) Plaintiff seeks injunctive relief. (Id.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31.

Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**1.     Improper Defendant**

The first defendant listed in the Complaint is "JRL Staff" in the positions of "classification/administration/unit manager."[1]  (ECF No. 1 at 2.)  However, as indicated above, it is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."  See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978).  Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law.  See Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not

---

[1] The court notes that the order directing Plaintiff to bring this case into proper form advised him that JRL Staff and Ofc. Stronzic were the only defendants named in this case.  (ECF No. 29 at 1.)  The order further advised Plaintiff that he must amend the Complaint if he wished to name additional or different defendants in this action.  (Id.)

a person, is amenable to suit under § 1983"); see also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Moreover, use of a collective term, such as "staff," without identifying specific staff members fails to state an adequate claim against a "person." Thomas v. South Carolina Dep't of Corr., C/A No. 0:14-3244-DCN, 2014 WL 4700219, at *3 (D.S.C. Sept. 19, 2014) (affirming report and recommendation); Wilson v. Greenville Cnty. Det. Ctr. Admin. & Staff, C/A No. 2:13-199-RMG-BHH, 2013 WL 1703733, at *2 (D.S.C. Mar. 27, 2013) (same), adopted by 2013 WL 1716430 (D.S.C. Apr. 19, 2013). As the JRL Staff does not constitute a "person" amenable to suit under § 1983, Plaintiff's claims against this defendant are subject to summary dismissal.

### 2.     Insufficient Factual Allegations

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-79; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In this case, Plaintiff lists Defendant Stronzic in the Complaint's "parties" section, but provides no factual allegations in the body of the pleading to show a violation of Plaintiff's

constitutional rights by this defendant. As Plaintiff fails to state a plausible claim for relief against Defendant Stronzic under § 1983, this defendant is entitled to summary dismissal from the case. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (holding that, in a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations"); see also Wilson v. Bodiford, C/A No. 2:13-199-RMG, 2014 WL 272238, at *6 (D.S.C. Jan. 23, 2014) (adopting report and recommendation holding that a complaint's failure to identify which individual or individuals violated plaintiff's constitutional rights proved fatal to his deliberate indifference claim). However, as discussed below, even if the court were to liberally construe Plaintiff's allegations as being asserted against Defendant Stronzic, the case would still be subject to summary dismissal.

### 3.     Deliberate Indifference to Health and Safety, Sexual Harassment

The constitution imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks and citation omitted). Further, while the "Constitution does not mandate comfortable prisons . . . neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."[2] Id. at 831 (internal quotation marks and citation omitted). However, to state a claim for deliberate indifference, an inmate must establish two requirements: (1) a sufficiently serious

---

[2] The court notes that pretrial detainees complaining of deliberate indifference to their health, safety, or medical needs proceed under the Fourteenth Amendment, rather than the Eighth Amendment. See Patten v. Nichols, 274 F.3d 829, 834 (4th Cir. 2001) (noting that "the Fourteenth Amendment rights of pre-trial detainees 'are at least as great as the Eighth Amendment protections available to a convicted prisoner'") (internal quotation marks and citation omitted). The standard for reviewing such claims is essentially the same as that for a convicted prisoner under the Eighth Amendment. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988).

deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Id. at 834 (internal quotation marks and citations omitted). To demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that the officials failed to provide him with humane conditions of confinement such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmate[]." Id. at 832. A prisoner must also "allege a serious or significant physical or emotional injury resulting from the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (citing Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)).

In the instant case, Plaintiff indicates that, since the issuance of a "keep away" order, he and the other inmate have been consistently housed in separate cells and assigned to separate recreation periods. While Plaintiff asserts that living one door away from the other inmate has resulted in negative verbal exchanges and threats, the Complaint contains no factual allegations to show any actual physical contact between the two inmates. Instead, Plaintiff asserts that actions by the detention center officers create a "substantial risk to [Plaintiff's] future safety." (ECF No. 1 at 5.) However, the Complaint's factual allegations do not support Plaintiff's speculative claim of future harm, nor do they show that any officer deliberately exposed Plaintiff to a risk of harm. See Twombly, 550 U.S. at 555, 570 (holding that the "[f]actual allegations must be enough to raise a right to relief beyond the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible[.]" Plaintiff also fails to demonstrate the denial of any basic human need or any injury resulting from the officers' actions. Thus, the Complaint fails to state a cognizable

claim of deliberate indifference to Plaintiff's health and/or safety. See Strickler, 989 F.2d at 1381 ("If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment.").

Plaintiff also alleges sexual harassment by an officer, but provides no factual support for such a claim. Instead, Plaintiff alleges that he was falsely accused by an officer of "openly masturbating with intent to be seen."[3] (ECF No. 1 at 4.) Thus, Plaintiff fails to state a plausible claim of sexual harassment in this case. See Iqbal, 556 U.S. at 678 (holding that the pleading standard under Rule 8 requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement") (internal quotation marks and citation omitted.)

### III. Conclusion

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 27, 2015
Charleston, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] While disciplinary proceedings which implicate a protected liberty interest demand due process, see Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), the Complaint in this case provides no factual allegations to indicate a denial of due process associated with Plaintiff's disciplinary charge.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).